## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cherm Nelson | ) | Case No. 18-16860 |
| | ) | |
| Debtor(s) | ) | CHAPTER 13 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |

## NOTICE OF MOTION

TO:

M.O. Marshall, Trustee (via electronic notice)    United States Trustee (via electronic notice)

Cherm Nelson, 3311 W. Warren Blvd., 3rd Floor, Chicago, IL 60624

City of Chicago c/o Arnold Scott Harris, 111 W. Jackson, Ste. 600, Chicago, IL 60604

City of Chicago Corporate Counsel, 121 N. LaSalle Street, Ste. 600, Chicago, IL 60602

PLEASE TAKE NOTICE that on March 15, 2021, at 9:00 a.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present Debtor's Motion To Determine Amount of Secured Claim, a copy of which is attached.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:
- To appear by video, use this link: https://www.zoomgov.com/. Then enter the Meeting ID and password.
- To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
- Meeting ID and password. The meeting ID for this hearing is 1612732896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/   Michael C. Burr
Borges & Wu, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200

CERTIFICATE OF SERVICE

I, Michael C. Burr, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown by depositing the same in the U.S. Postal Service's mail box at 105 W. Madison St., Chicago, IL 60602, before 6:00 p.m. on February 22, 2021, except that the trustee, and U.S. Trustee were served electronically by the court on such date.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cherm Nelson | ) | Case No. 18-16860 |
| | ) | |
| Debtor(s) | ) | CHAPTER 13 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |

**MOTION TO DETERMINE AMOUNT OF SECURED CLAIM**

The debtor(s), by and through counsel, and in support of her Motion to Determine Valuations of Collateral pursuant to 11 U.S.C. § 506(a) & 11 U.S.C. § 1322(b)(2) and Rule 3012 Fed.R.Bank.Pro., states to the court as follows:

1. The court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The debtors filed a petition for relief and a plan under Chapter 13 of the Bankruptcy Code on June 13, 2018.

4. The debtor(s) currently are the owners of a 2006 Volvo XC90.

5. Prior to the filing of this case, the Volvo was in the possession of the City of Chicago which claimed a possessory lien in the automobile.

6. The plan was confirmed providing for a value of $3,700 of the City's secured claim.

7. The City asserted its claim was fully secured in the amount of $5,677.85. (Attached as Exhibit A is a copy of the proof of claim.)

8. The value at the time of filing was $3,700. (Attached is NADA information corresponding to the time of filing.)

9. Pursuant to 11 U.S.C. § 506(a), the City's claim would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim and the defendant's lien is void to the extent it is not an allowed secured claim.

10. Pursuant to 11 U.S.C. § 1322(b)(2), the debtors Chapter 13 plan may modify the rights of holders of secured or unsecured claims.

11. While *Adair v. Sherman* prevents a lawsuit in a separate forum to determine the value of a claim, *Adair* does not apply to a single bankruptcy case. *In re: Hovis*, 356 F.3d 820, 822 (7th Cir. 2004).

12. Confirmation does not prevent a subsequent valuation of a secured claim. *In re: Adams*, 264 B.R. 901 (Bankr. N.D. Ill 2001).

WHEREFORE, the debtor(s) requests that the court enter an order determining the value of the debtor's 2006 Volvo XC90, and the City of Chicago's secured claim, to be $3,700.

Respectfully submitted,

/s/ _Michael C. Burr_
Michael C. Burr
Ledford, Wu & Borges, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200