# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>CHERM NELSON,<br><br>DEBTOR. | EASTERN DIVISION<br>HON. JACQUELINE P. COX<br><br>CASE NO. 18-16860<br>CHAPTER 13<br><br>HEARING DATE:  3/29/2021<br>HEARING TIME:  10:00 A.M. |

# CITY OF CHICAGO'S RESPONSE TO DEBTOR'S MOTION TO DETERMINE AMOUNT OF SECURED CLAIM 1

Cherm Nelson ("Debtor") filed for relief under chapter 13 of the Bankruptcy Code 11 U.S.C. § 101 *et seq.* ("Code") on June 13, 2018. The Debtor's proposed chapter 13 plan [Docket 2] ("Plan") provided for an estimated secured claim held by the City of Chicago ("City") in the amount of $4,155.85 with estimated monthly payments of $110.48 with interest of 4.75% for total payments of $3,977.21.  See Docket 2, §3.2. The form plan prepared and filed by the Debtor also provided that a government unit's allowed secured claim controls regardless of the Debtor's proposed treatment and any value written into the form plan.   Section §3.2. of the Plan provides that

> For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For

1

>   each listed claim, the value of the secured claim will be paid
>   in full with interest at the rate stated below. …
>   Unless otherwise ordered by the court, *the amount of the
>   creditor's total claim listed on the proof of claim controls
>   over any contrary amounts listed in this paragraph.*
>   Emphasis added.

On June 20, 2018, the City filed a fully secured claim for $5,677.85 listing Debtor's 2006 Volvo XC90 as collateral for its possessory lien ("Collateral"). See Claims Register 1-2. The Debtor did not object to the City's claim nor file a motion for valuation of prior to the confirmation hearing. The Debtor's Plan was confirmed on August 9, 2018 with an allowed fully secured claim payable to the City in the amount of $5,677.85 plus interest of 4.75%. See Order Confirming Plan at Docket 19.

On February 20, 2021, over two and a half years later, the Debtor filed a Motion to Determine Amount of Secured Claim 1 [Docket 28] ("Motion") requesting a valuation the City's secured claim.[1] Debtor's Motion alleges that the Collateral value is less than the amount of the City's claim. Contrary to the Debtor's allegations, she does not have an absolute right to challenge the valuation of collateral at any time. Courts have maintained that

>   [w]here debtor's proposed Chapter 13 plan effectively
>   provided for payment of creditor's allowed secured claim,
>   and where creditor's valuation of automobile securing its
>   claim was not challenged by debtor, or by any other party in
>   interest, prior to confirmation of plan, value of creditor's
>   secured claim was fixed at time of confirmation, in amount
>   stated in creditor's proof of claim, and debtor could not now
>   challenge that aspect of creditor's proof of claim. *In re
>   Fareed,* 262 B.R. 761, 771 (Bkrtcy.N.D.Ill 2001). See also
>   *Adair v. Sherman* 230 F.3d 890, 894 (7th. Cir 2000) and *In
>   re Adams* 264 B.R. 901, 905 (Bkrtcy.N.D.Ill 2001).

If a creditor files a secured claim prior to confirmation and the debtor fails object, then a debtor cannot seek post-confirmation valuation of the collateral. *Adams* at 905.

---

[1] The Debtor also filed a Motion to Modify Confirmed Plan [Docket 27] seeking a reduction in the dividend to unsecured creditors and to treat a portion of the City's allowed secured claim as unsecured.

2

An allowed claim is prima facie evidence of the validity and amount of the claim. *Adair* at 894. The failure to challenge the value and amount of the City's claim prior to confirmation amounted to the Debtor's acceptance of the City's claim in its entirety. See *Adams* at 905. Confirmation of the plan is *res judicata* as to all issues *which could have been decided* at the confirmation hearing. *Adair* at 895 (quoting *In re Ross*, 162 B.R. 785, 789 (Bankr. N.D. Ill. 1993)) (emphasis added). See also *In re Shelton*, 592 B.R. 193, 205 (Bankr. N.D. Ill. 2018) (Courts may conclude that the absence of an objection and the silence of an affected party equates to acceptance of proposed terms), and *Dooley v. Weil* (*In re Garfinkle*), 672 F.2d 1340, 1347 (11th Cir. 1982) ("Silence or acquiescence may be sufficient conduct to create an estoppel if under the circumstances there was both a duty and opportunity to speak."). The City timely filed its secured claim, two months before the confirmation hearing. The City's claim listed an *Amount of secured claim* of $5,766.85 indicating a value of $5,766.85. See Claims Register 1-2. The Debtor had ample opportunity to challenge the City's claim but did not do so. Once the Debtor's Plan was confirmed, she accepted the value of the City's secured claim. She is now precluded from seeking a valuation of the claim. The parties are bound by any valuation included in a confirmed plan where the secured creditor filed a claim pre-confirmation.

Although some courts have allowed post-confirmation evaluation of secured claims, the Seventh Circuit has specifically rejected that approach. As the court said in *Adair*,

> There has been some tension in bankruptcy court cases as to whether debtors are required to object to proofs of claims prior to confirmation. We respectfully choose not to follow those cases allowing post-confirmation objections to proofs of claims to be filed even though the proof of claim itself was filed sufficiently in advance of the confirmation hearing. *Adair*, 230 F.3d at 895 n.6 (citations omitted).

Again, the Debtor had the opportunity seek a determination on the amount of the City's secured claim prior to her Plan being confirmed. The Debtor did not file a motion seeking a determination of value nor did she file an objection to the pre-confirmation claim filed by the City. She is now barred from altering the value of the

3

City's claim.

# CONCLUSION

The Debtor accepted the value of the City's pre-confirmation claim and for the foregoing reasons that value of $5,766.85 must be paid in full. The Debtor's Motion to Determine Amount of Secured Claim 1 therefore must be denied.

DATED:  3/26/2021                             RESPECTFULLY SUBMITTED,

**THE CITY OF CHICAGO**

CELIA MEZA
Acting Corporation Counsel

By: /s/ Jaime Dowell
    Assistant Corporation Counsel

Celia Meza
Acting Corporation Counsel
Jaime Dowell (ARDC# 6281312)
Assistant Corporation Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:   (312) 742-0056
Email: jaime.dowell@cityofchicago.org

## CERTIFICATE OF SERVICE

I, Jaime Dowell, an attorney, hereby certify that on 3/26/2021, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Jaime Dowell

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Michael C. Burr | notice@billbusters.com |
| Tom Vaughn | ecf@tvch13.net |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |